# Rosa Reeves, Appellee, v. Peoria Railway Company, Appellant.

## Gen. No. 6,082. (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 20, 1915.

## Statement of the Case.

Action by Rosa Reeves, plaintiff, against the Peoria Railway Company, defendant, in the Circuit Court of Peoria county, to recover for personal injuries alleged to have been sustained as a result of defendant's negligence as plaintiff was alighting from one of defendant's street cars. From a judgment for plaintiff for $5,000, defendant appeals.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Reeves v. Peoria Ry. Co., 196 Ill. App. 322.

Plaintiff was at the time of the accident a married woman about thirty-five years old. There is no question that she fell upon the sidewalk striking her back and head and was rendered unconscious, and continued in bed for several weeks, and afterwards a fistula formed which was removed. Two operations are said to have been undergone since the accident, one for fistula and one for removal of the womb. It is not claimed by plaintiff that the conditions necessitating those operations are proven to be attributable to the shock and injury received from the accident, and it is said that any opinion on the subject is purely speculative, but that the severe shock and serious injury she received must have had as much or more to do with bringing about these conditions as anything else. Plaintiff said an operation for fistula was performed by Dr. Hanna September 19, 1910, two years after the accident, and she said another operation was performed by Dr. Meloy in January, 1914. As to the operation of September 19, 1910, Dr. Hanna testified that on that date he operated upon appellee, removing her appendix, both Fallopian tubes, the right ovary, amputated the neck of the womb, fixed up a bad vaginal outlet, and opened a fistula in connection with the anus; that in his opinion the condition which made the operation necessary was due to infection of the tubes and could not be produced by an accidental injury. He also testified that a fall from a car would not tend to produce prolapsus of the womb. Two other physicians testified to the effect that the conditions making necessary these operations could not have resulted from the injury received at the time of the accident. The medical testimony seems to agree that the cause of the condition which made the operation of September 19, 1910, necessary was an infection, perhaps, though not necessarily, of gonorrheal origin.

The claim of each party was supported by clear and direct evidence, plaintiff's evidence making a clear

case of due care on her part and of negligence on the part of defendant, and defendant's evidence making an equally clear case of due care on its part and of contributory negligence by plaintiff. There was evi-dence that after the accident plaintiff went to a hospital and received treatment there, and of a bill for the services of a physician which had been incurred by plaintiff, in connection with her injuries, to the amount of $200, but no competent evidence as to the amount paid for treatment at the hospital.

The case was twice tried, a former judgment for plaintiff for $600 having been reversed by this court (164 Ill. App. 611) because of errors of law found in the record. The court overruled a motion by defendant for a new trial.

McROBERTS, MORGAN & ZIMMERMAN, for appellant.

DAILEY & MILLER and ROBERT N. McCORMICK, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. TRIAL, § 155*—*when weight of conflicting evidence for jury.* Where the evidence is conflicting, it is the province of the jury to ascertain the truth.

2. WITNESSES, § 259*—*when credibility of witnesses to accident determined by opportunity for observation.* Conflicting testimony as to an accident may sometimes be reconciled by considering the fact that intelligent people usually make conflicting statements as to an accident involving confusion, and the variance between such statements may be accounted for by the fact that all the witnesses did not have the same opportunities for observing what happened.

3. APPEAL AND ERROR, § 1410*—*when verdict not against manifest weight of evidence.* In an action to recover for personal injuries sustained by plaintiff while alighting from defendant's .street car, which injuries were alleged to be due to defendant's negligence, where the evidence was conflicting, and in a previous trial the jury

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

found for plaintiff, a verdict for plaintiff, *held* not so manifestly against the weight of the evidence as to require a reversal, although the reviewing court might entertain another opinion were this the first trial of the cause.

4. STREET RAILROADS, § 131*—*when evidence sufficient to sustain finding as to serious injury.* In an action to recover for personal injuries alleged to have been sustained by reason of defendant's negligence while plaintiff was alighting from one of defendant's street cars, evidence *held* fairly to prove that plaintiff sustained a serious injury by reason of the accident.

5. DAMAGES, § 114*—*when verdict for a woman excessive in action against street railroad for personal injuries.* In an action to recover for personal injuries alleged to have been sustained by reason of defendant's negligence while plaintiff, a woman, was alighting from one of defendant's street cars, a verdict for plaintiff for $5,000 *held* excessive to the extent of $2,500, where it appeared that plaintiff suffered serious injury by reason of the accident, but where it also appeared that for the most part the disability resulting therefrom was due to causes other than the accident.

6. STREET RAILROADS, § 147*—*when instruction as to lack of proof of expense due to accident properly refused.* In an action to recover for personal injuries alleged to have been sustained by reason of the negligence of defendant while plaintiff was alighting from one of defendant's street cars, an instruction that plaintiff had produced no competent evidence that she had paid bills for hospital, medical or surgical services, *held* properly refused, where there was evidence tending to show liability and where there was evidence that plaintiff had received such services, although the evidence as to the amount paid therefor was unsatisfactory.

